IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

**GEORGE W. BRADSHAW, II,**

      Petitioner,

v.                                           **Civil Action No. 3:10CV34**
                                                          **Criminal Action No. 3:05CR73**
**UNITED STATES OF AMERICA,**                **(JUDGE BAILEY)**

      Respondent.

**REPORT AND RECOMMENDATION
THAT §2255 MOTION BE DENIED**

**I. Introduction**

On October 13, 2009, *pro se* petitioner, George W. Bradshaw, II, ("Petitioner"), filed a Motion Under 28 U.S.C. § 2241 challenging the validity of a fifteen (15)-month sentence.[1] The petition was referred to United States Magistrate Judge David J. Joel for initial review. Upon review, Magistrate Judge Joel sent to Petitioner a "Notification of Right to Consent to Proceed Under 28 U.S.C. § 2255 or to Proceed as Filed," noting that a § 2255 motion, not a § 2241 petition, was the correct avenue to attack a sentence. Petitioner did not respond in the given twenty (20) days, and Magistrate Judge Joel issued a Report and Recommendation that Petitioner's petition be converted to a § 2255 motion. Approximately three weeks later, Petitioner returned the form electing to Proceed under 28 U.S.C. § 2255.[2] On March 24, 2010, the District Court adopted Magistrate Judge Joel's Report and Recommendation to convert Petitioner's petition to a § 2255.[3]

---

[1] Dkt. No. 162.

[2] 5:09-CV-114 Dkt. No. 9.

[3] Dkt. No. 164; see also, 5:09-CV-114.

On March 29, 2010, the Government was ordered to respond.[4] The Government filed its response on April 26, 2010.[5] On May 11, 2010, Petitioner filed his reply.[6]

## II. Facts

### A. Conviction and Sentence

On November 15, 2005, Petitioner was charged in a one-count indictment of mail fraud in violation of Title 18, United States Code, Section 1341. (Dkt. No. 1). The case proceeded to trial, and on August 4, 2006, Petitioner was found guilty on Count 1. (Dkt. No. 89). On April 24, 2007, Petitioner appeared before the Court for sentencing. (Dkt. No. 118). The Court concluded Petitioner's total offense level to be 14. (Sent. Trans. P. 118; Dkt. No. 135-1). Based on the total offense level and Petitioner's Criminal History Category I, the Court determined the range of imprisonment to be 15 - 21 months to be followed by 2 - 3 years supervised release. (Id.). Petitioner was sentenced to 15 months imprisonment and three (3) years supervised release. (Id. at 126-127).

### B. Direct Appeal

Petitioner filed a direct appeal to the Fourth Circuit Court of Appeals on May 3, 2007, appealing the judgment and conviction and asserting the following:[7]

(1) the district court erred in denying his motion for judgment of acquittal because the evidence was insufficient to support Petitioner's mail fraud conviction;

(2) the District Court abused its discretion by admitting evidence of a theft that was not

---

[4] Dkt.No. 167.

[5] Dkt.No. 171.

[6] Dkt. No. 175.

[7] Dkt. No. 125.

alleged in the Indictment; and

(3) the District Court's calculation of loss for sentencing purposes was clear error because the Court included the loss from all of the stolen seizures rather than only those that should have been reported in the unclaimed property report.

On June 24, 2008, in a Per Curiam opinion, the Fourth Circuit Court of Appeals found no error and affirmed the District Court.[8] Petitioner filed a petition for writ of certiorari on September 29, 2008.[9] This petition was denied by the United States Supreme Court on October 23, 2008.[10]

## C. Federal Habeas Corpus

### Petitioner's Contentions (Dkt. No. 162)

In his federal habeas petition and supporting memorandum of law, Petitioner asserts that the following testimony of Sergeant Dillon, which was used by the Government to obtain the Indictment, is false:

(1) Petitioner was the payee on a certain cashier's check;

(2) Statements in reports to the Treasurer concerning stolen property and cash;

(3) Petitioner reported no stolen property to be submitted to the Treasurer's office on six different forms;

(4) No other physical evidence was seized during the time period in question;

(5) The process and procedures for documenting and accessing the evidence in safety deposit boxes and the entries made on safety deposit boxes; and

(6) The obligation of the State Police to collect and report property taxes.

Petitioner also asserts that the language in paragraph 18 of the Indictment is false.

---

[8] Dkt. Nos. 147 & 148.

[9] Fourth Circuit Court of Appeals 07-4465; Dkt. No. 47.

[10] Fourth Circuit Court of Appeals 07-4465; Dkt. No. 49.

Finally, Petitioner asserts ineffective assistance of counsel at trial and on appeal for the following reasons:

(1) Counsel failed to request medical records after Petitioner's request;

(2) Counsel failed to obtain a copy of a capias, which showed a defendant was fleeing, precluding the reporting of unclaimed property;

(3) Counsel failed to interview any witnesses;

(4) Counsel failed to send Petitioner the requested documents for Petitioner to file the current § 2255;

(5) Counsel failed to challenge Sergeant Dillon's testimony; and

(6) On appeal, counsel made erroneous statements of law and fact and failed to honor Petitioner's request to allow for assistance by a second attorney.

**Government's Response (Dkt. # 171)**

In response to Petitioner's allegations as to the truthfulness of Sergeant Dillon's testimony, the Government contends that the jury's finding of guilt precludes a finding of an insufficient indictment in post-conviction challenges. Additionally, the Government contends that Petitioner is precluded from raising these arguments in a § 2255 because Petitioner argued the insufficiency of evidence on appeal.

In response to Petitioner's paragraph 18 argument, the Government contends that paragraph 18 is not part of the mail fraud allegations in the Indictment but is simply introductory information.

Finally, with regard to Petitioner's ineffective assistance of counsel claims, the Government contends that Petitioner has failed to identify any instance where counsel's performance was deficient or where such performance prejudiced his defense, and, therefore, Petitioner cannot meet the ineffective assistance of counsel standard. Specifically, the Government contends that the letters Petitioner wrote to counsel regarding alleged errors were written post-trial and Petitioner failed to

4

show the outcome would have been different but for counsel's ineffectiveness.

**Petitioner's Reply (Dkt. # 175)**

In his reply to the Government's Response, Petitioner reiterates his contentions regarding the alleged false testimony of Sergeant Dillon and states that the Government violated his due process rights by allowing Sergeant Dillon's testimony. Petitioner also reiterates his arguments that counsel was ineffective at trial and on appeal.

### III. Analysis

**A.  Petitioner's Burden of Proof**

"A petitioner collaterally attacking his sentence or conviction bears the burden of proving that his sentence or conviction was imposed in violation of the Constitution or laws of the United States, that the court was without jurisdiction to impose such a sentence, that the sentence exceeded the maximum authorized by law, or that the sentence otherwise is subject to collateral attack. 28 U.S.C. § 2255. A motion collaterally attacking a petitioner's sentence brought pursuant to § 2255 requires the petitioner to establish his grounds by a preponderance of the evidence." Sutton v. United States of America, 2006 WL 36859 *2 (E.D.Va Jan. 4, 2006).

**B.  Procedurally Barred Claims**

It is well settled that issues previously rejected on direct appeal may not be raised in a collateral attack. Boeckenhaupt v. United States, 537 F.2d 1182 (4th Cir. 1976). Constitutional errors that were capable of being raised on direct appeal but were not may be raised in a § 2255 motion so long as the petitioner demonstrates 1) "cause" that excuses his procedural default, and 2) "actual prejudice" resulting from the alleged error. United States v. Maybeck, 23 F.3d 888, 891 (4th Cir. 1994). Claims of ineffective assistance of counsel not raised on direct appeal and

5

raised on collateral attack do not require a "cause and prejudice" showing because these claims are more appropriately raised on collateral attack than on direct appeal. See United States v. Richardson, 195 F.3d 192 (4th Cir. 1999), cert. denied, 528 U.S. 1096 (2000); White v. United States, 2006 U.S. Dist. LEXIS 45122, at *7-8 (S.D. W.Va. June 20, 2006).

**C.     Ineffective Assistance of Counsel**

Claims of ineffective assistance of counsel are measured under a two-part analysis outlined in Strickland v. Washington, 466 U.S. 668, 687 (1984). First, the petitioner must show that his counsel's performance fell below an objective standard of reasonableness. Id. at 688. In reviewing claims of ineffective assistance of counsel, "judicial scrutiny of counsel's performance must be highly deferential," and the court "must judge the reasonableness of counsel's challenged conduct on the facts of the particular case, viewed as of the time of counsel's conduct." Id. at 689-90. Second, the petitioner must demonstrate he was prejudiced by counsel's performance. In order to demonstrate prejudice, "the defendant must show there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." Id. at 694. If the defendant shows no prejudice from the alleged ineffectiveness of counsel, courts need not address counsel's performance. Fields v. Att'y Gen. of Maryland, 956 F.2d 1290, 1297 (4th Cir.), cert. denied, 506 U.S. 885 (1992).

**D.     Claim 1: Whether the Testimony of Sergeant Dillon, Used by the Government, was False**

In his petition, Petitioner claims that the testimony of Sergeant Dillon, used by the Government to secure the Indictment, was false. In Petitioner's reply to the Government's response, Petitioner states "[t]he overall point of this entire writ is that the government abused

6

their [sic] authority by knowing and letting Dillon testify falsely before the Grand jury [sic] and in doing so also violated due process and questioned the integrity of the Federal Court." (Dkt. No. 175, P. 4). Petitioner's argument is barred.

"[A] final judgment commands respect. For this reason, we have long and consistently affirmed that a collateral challenge may not do service for an appeal." United States v. Frady, 456 U.S. 152, 165 (1982). Therefore, the failure to raise a claim on direct appeal may result in a procedural default barring collateral review. Bousley v. United States, 523 U.S. 614 (1998).

"In order to collaterally attack a conviction or sentence based upon errors that could have been but were not pursued on direct appeal, the movant must show cause and actual prejudice resulting from the errors of which he complains or he must demonstrate that a miscarriage of justice would result from the refusal of the court to entertain the collateral attack." United States v. Mikalajunas, 186 F.3d 490, 492-493 (4th Cir. 1999). "The existence of cause for a procedural default must turn on something external to the defense, such as the novelty of the claim or a denial of effective assistance of counsel." Id. Actual prejudice is then shown by demonstrating that the error worked to petitioners' "actual and substantial disadvantage," rather than just creating a possibility of prejudice. See Satcher v. Pruett, 126 F.3d 561, 572 (4th Cir. 1997) (quoting Murray v. Carrier, 477 U.S. 478, 494 (1986)).

"In order to demonstrate that a miscarriage of justice would result from the refusal of the court to entertain the collateral attack, a movant must show actual innocence by clear and convincing evidence." Mikalajunas,186 F.3d at 493. "Typically, to establish actual innocence, a petitioner must demonstrate actual factual innocence of the offense of conviction, i.e., that petitioner did not commit the crime of which he was convicted; this standard is not satisfied by a

7

showing that a petitioner is legally, but not factually, innocent." Id. at 494. The petitioner must show that "it is more likely than not that no reasonable juror would have convicted him." Schlup v. Delo, 513 U.S. 298 (1995).

Petitioner did not challenge the sufficiency of the Indictment at the trial level. Motions to challenge the sufficiency of the indictment *must* be brought prior to trial unless the challenge involves jurisdiction and or failure to state an offense. Fed.R.Crim.P. 12(b)(3)(a). The failure to raise objections to the validity of the indictment precludes review at the appeal level. United States v. Daly, 535 F.2d 434, 440 (8t Cir. 1976); see also, Davis v. United States, 411 U.S. 233, 236-237 (1973); United States v. Calvert, 523, F.2d 895, 901-902 (8th Cir. 1975). Here, Petitioner did not challenge the sufficiency of the Indictment at the trial level; thus, the issue was not properly preserved for appeal.

Claims capable of being raised on direct appeal but not may be brought in a § 2255 motion upon the petitioner's showing of "cause" that excuses the procedural default and "actual prejudice" resulting from the error or the petitioner's demonstration that a miscarriage of justice would result from the Court's refusal to act. Mikalajunas, 186 F.3d at 492-93. This exception cannot save Petitioner because Petitioner failed to show cause and actual prejudice or a miscarriage of justice. Petitioner does not give any reason for not challenging the Indictment to show cause for procedural default, nor does he demonstrate a miscarriage of justice by showing with clear and convincing evidence that he is innocent of the charges in the Indictment. Id. Petitioner only makes bareboned assumptions on the truth of Sergeant Dillon's testimony. Without more, the Court cannot agree with Petitioner.

Further, any error in an indictment is rendered harmless upon a guilty verdict by a petit

8

jury. United States v. Mechanik, 475 U.S. 66, 72-73 (1986). The "verdict of guilty beyond a reasonable doubt demonstrates *a fortiori* that there was probable cause to charge the defendants with the offenses for which they were convicted." Id. at 67. Therefore, even if Petitioner's contentions regarding Sergeant Dillon's testimony were true, the guilty verdict renders any potential defects harmless. Additionally, any alleged errors in paragraph 18 of the Indictment would be nullified by the guilty verdict.

Accordingly, Petitioner's first claim should be denied.

**E.     Claim 2: Ineffective Assistance of Counsel**

Petitioner asserts his counsel was ineffective at both the trial and appellate levels. At the trial level, Petitioner asserts counsel was ineffective for several reasons:

(1)     failing to request medical records;

(2)     failing to obtain a copy of a capias; which showed a defendant fled and therefore alleviating Petitioner from filing a report for unclaimed property;

(3)     failing to interview witnesses;

(4)     failing to send Petitioner the requested documents for Petitioner to file the current § 2255; and

(5)     failing to challenge Sergeant Dillon's testimony.

At the appellate level, Petitioner alleges his counsel was ineffective for including false statements of law and fact in his brief and for failing to allow assistance from a second attorney.

For each allegation of ineffective assistance, Petitioner must demonstrate that (1) counsel's conduct fell below an objective standard of reasonableness and (2) Petitioner was prejudiced by counsel's deficient performance. Strickland, 466 U.S. 688-694.

Petitioner first alleges that counsel was ineffective by failing to request medical records.

This contention must fail because Petitioner cannot demonstrate he was prejudiced by counsel's performance. Petitioner states in his petition that he requested the documents from his sister who retrieved them from the hospital. Thus, even though counsel failed to obtain the documents, Petitioner still received the requested documents. Petitioner cannot meet the two-part test because he cannot demonstrate that but for counsel's conduct, the result would have been different because the documents were available at trial.

Second, Petitioner alleges counsel was ineffective for failing to obtain a copy of a capias that would indicate the defendant in the case fled, which precluded the inclusion of the money from the case on the report. This contention must also fail because Petitioner cannot demonstrate he was prejudiced by counsel's performance. Again, Petitioner admits in his petition that even though counsel failed to obtain the capias, Petitioner obtained a copy by retrieving a copy himself from the Circuit Court Clerk's office. Thus, despite counsel's failure to obtain the document, Petitioner still obtained it, and it was available at trial.

Petitioner next alleges that counsel was ineffective for failing to interview any witnesses in the case. Specifically, Petitioner alleges that counsel attempted to interview Cindy Jenkins, who refused the interview; failed to interview Leroy Furley despite his presence at the trial; and failed to question Richard Fisher about four of the cases the Government presented to the Court. This contention must also fail. In reviewing claims of ineffective assistance of counsel, "judicial scrutiny of counsel's performance must be highly deferential," and the Court "must judge the reasonableness of counsel's challenged conduct on the facts of the particular case, viewed as of the time of counsel's conduct." Strickland, 466 U.S. at 689-90. First, in his petition and Reply to Government's Response, Petitioner fails to indicate with reasonable probability that the result

of the trial would have been different had counsel secured the testimony of Jenkins, Furley, or Fisher. Second, both Furley and Fisher testified during Petitioner's trial. Petitioner's counsel cross-examined both Fisher (Dkt. No. 103, P. 262) and Furley (Dkt. No. 104, P. 199) during the Government's case-in-chief and called Furley on direct examination during Petitioner's case-in-chief. (Dkt. No. 137, P. 200). Finally, Petitioner concedes that his counsel attempted to interview Jenkins and she refused. Accordingly, this contention must fail.

Petitioner next alleges that counsel was ineffective for failing to send to Petitioner documents he requested to file the current § 2255. Petitioner's claim is not a proper ineffective assistance of counsel claim. The Sixth Amendment provides a criminal defendant the right to the assistance of counsel in his *defense*. Not only is a criminal defendant entitled to the assistance of counsel, but also the defendant is entitled to effective assistance *during the trial*. Powell v. State of Alabama, 287 U.S. 45, 65 (1932). Here, Petitioner alleges counsel was ineffective for failing to deliver documents to Petitioner "for the purpose of filing this writ." (Dkt. No. 162, P. 24). Petitioner's request has nothing to do with counsel's representation of Petitioner in the underlying case. In fact, counsel's representation of Petitioner ended on June 24, 2008, when he received payment for his representation of Petitioner. (4th Cir. Court of Appeals 07-4465 Dkt. No. 45). This payment ended his obligations to Petitioner, and any conduct by counsel after cannot be considered in relation to his representation of Petitioner. Therefore, Petitioner's allegation must fail.

Petitioner next alleges counsel was ineffective at trial for failing assert that the grand jury testimony of Sergeant Dillon was false. This claim must also fail. Petitioner fails to state both how counsel's failure to challenge was unreasonable and how he was prejudiced by counsel's

11

failure to challenge Sergeant Dillon's grand jury testimony. Petitioner fails to indicate how the outcome would have been different had counsel challenged Sergeant Dillon's testimony. Additionally, the letter challenging Sergeant Dillon's testimony was written on January 6, 2008, well after Petitioner was found guilty on August 4, 2006. As explained fully above, the guilty verdict rendered any error in the Indictment harmless; therefore, any challenge would have been baseless. Accordingly, Petitioner's claim must fail.

Finally, Petitioner alleges that counsel was ineffective on appeal for misstating facts in his brief, for failing to argue false information was used to obtain the Indictment, and for failing to accept the assistance of a second attorney at the oral argument stage. The standard for effective assistance of appellate counsel is the same as for trial counsel. See Bell v. Jarvis, 236 F.3d 149, 164 (4th Cir. 2000) ("In order to establish a claim that appellate counsel was ineffective for failing to pursue a claim on direct appeal, the applicant must normally demonstrate (1) that his counsel's performance fell below an objective standard of reasonableness in light of the prevailing norms, and (2) that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.") (internal citations and quotations omitted). On review, however, appellate counsel is accorded the "presumption that he decided which issues were most likely to afford relief on appeal." Pruett v. Thompson, 996 F.2d 1560, 1568 (4th Cir. 1993). Moreover, "[c]ounsel is not obligated to assert all nonfrivolous issues on appeal. Bell v. Jarvis, 236 F.3d at 164. Instead, "[t]here can hardly be any question about the importance of having the appellate advocate examine the record with a view to selecting the most promising issues for review." Jones v. Barnes, 463 U.S. 745, 752 (1983); see also Smith v. South Carolina, 882 F.2d 895, 899 (4th Cir. 1989). "Indeed,

winnowing out weaker arguments on appeal and focusing on those more likely to prevail, far from being evidence of incompetence, is the landmark of effective advocacy." Bell v. Jarvis, 236 F.3d at 164 (quoting Smith v. Murray, 477 U.S. 527, 536 (1986) (internal quotations omitted).  However, although it is "still possible to bring a Strickland claim based on counsel's failure to raise a particular claim" on direct appeal, demonstrating that counsel was incompetent for failing to do so will be difficult.  Smith v. Robbins, 528 U.S. 259, 288 (2000).  "Generally only when ignored issues are clearly stronger than those presented, will the presumption of effective assistance of counsel be overcome."  Gray v. Greer, 800 F.2d 644, 646 (7th Cir. 1986).

Petitioner's allegation that appellate counsel was ineffective for misstating the facts is without merit for two reasons.  First, Petitioner's allegation is a bare-boned assertion.  Petitioner fails to specify which facts counsel misstated.  Second, Petitioner fails to demonstrate how the misstatement of facts fell below the objective standard of reasonableness and prejudiced Petitioner in the outcome of the appellate proceedings.  Petitioner's allegation that counsel was ineffective for failing to argue that false information was used to obtain the Indictment is also without merit.  As discussed fully supra, the sufficiency of the Indictment was not raised at the trial level; therefore, the issue was not properly preserved for appeal.  Finally, Petitioner's allegation that counsel was ineffective for failing to accept the assistance of a second attorney is without merit.  Petitioner cites no authority supporting the contention that counsel had to accept the assistance of a second attorney.  Moreover, Petitioner failed to demonstrate how counsel's failure to accept assistance fell below the objective standard of reasonableness and prejudiced Petitioner in the outcome of the appellate proceedings.

### IV.  Recommendation

13

For the foregoing reasons, the undersigned recommends that the petitioner's Motion to Vacate Set Aside or Correct Sentence (Dkt. No. 162) be **DENIED** and **DISMISSED with prejudice** from the active docket of this Court.

Within fourteen (14) days after being served with a copy of this report and recommendation, any party may file with the Clerk of Court written objections identifying those portions of the recommendation to which objection is made and the basis for such objections. A copy of any objections shall also be submitted to the United States District Judge. Failure to timely file objections to this recommendation will result in waiver of the right to appeal from a judgment of this Court based upon such recommendation. 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985): United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984).

The Clerk is directed to mail a copy of this Report and Recommendation to the *pro se* petitioner by certified mail, return receipt requested, to his last known address on the docket sheet, and to counsel of record, as applicable.

DATED: August 23, 2010

/s/ *James E. Seibert*
JAMES E. SEIBERT
UNITED STATES MAGISTRATE JUDGE