# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
## MARTINSBURG

**GEORGE W. BRADSHAW, II,**

    Plaintiff,

v.                                    **CIVIL ACTION NO. 3:10-CV-34**
                                        **CRIMINAL ACTION NO. 3:05-CR-73**
                                        **(BAILEY)**

**UNITED STATES OF AMERICA,**

    Defendant.

## ORDER ADOPTING OPINION/REPORT AND RECOMMENDATION

### I. Introduction

On this day, the above-styled matter came before the Court for consideration of the Report and Recommendation of United States Magistrate Judge James E. Seibert. By Standing Order, entered on March 24, 2000, this action was referred to Magistrate Judge Seibert for submission of a proposed report and recommendation ("R&R"). Magistrate Judge Seibert filed his R&R [Cr. Doc. 180] on August 23, 2010.

Pursuant to 28 U.S.C. § 636(b)(1)(c), this Court is required to make a *de novo* review of those portions of the magistrate judge's findings to which objection is made. However, the Court is not required to review, under a *de novo* or any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the findings or recommendation to which no objections are addressed. ***Thomas v. Arn***, 474 U.S. 140, 150 (1985). In addition, failure to file timely objections constitutes a waiver of *de novo* review and the petitioner's right to appeal this Court's Order. 28 U.S.C. § 636(b)(1);

*Snyder v. Ridenour*, 889 F.2d 1363, 1366 (4th Cir. 1989); **United States v. Schronce**, 727 F.2d 91, 94 (4th Cir. 1984). Here, objections to Magistrate Judge Seibert's R&R were due within fourteen (14) days after being served with a copy of the R&R pursuant to 28 U.S.C. § 636(b)(1) and Fed.R.Civ.P. 72(b). The petitioner timely filed his objections on September 15, 2010 [Cr. Doc. 183]. Accordingly, this Court will undertake a *de novo* review of those portions of the magistrate judge's findings to which objection is made. The Court will review the remainder of the R&R for clear error.

II.  Factual and Procedural History

On November 15, 2005, the petitioner, formerly the evidence custodian at the Martinsburg detachment of the West Virginia State Police, was named in a one-count indictment for mail fraud in violation of 18 U.S.C. § 1341, in connection with the disappearance of $18,542.00 from his detachment. On August 4, 2006, a jury found the petitioner guilty. On April 24, 2007, the petitioner appeared before the Court for sentencing. The Court calculated the petitioner's adjusted total offense level at 14. Based on the adjusted total offense level and the petitioner's Criminal History Category of I, the Court determined the guideline range to be 15 to 21 months imprisonment to be followed by 2 to 3 years of supervised release. The Court sentenced the petitioner to 15 months imprisonment to be followed by 3 years of supervised release.

On May 3, 2007, the petitioner appealed to the Fourth Circuit Court of Appeals, stating the following as grounds for his appeal: (1) the Court erred in denying his motion for judgment of acquittal because the evidence was insufficient to support the petitioner's mail fraud conviction, (2) the Court abused its discretion by admitting evidence of a theft

that was not alleged in the Indictment, and (3) the Court clearly erred in its calculation of loss for sentencing purposes because the Court included the loss from all of the stolen seizures rather than only those that should have been reported in the unclaimed property report. However, on June 24, 2008, the Fourth Circuit affirmed the petitioner's conviction and sentence. Thereafter, the petitioner filed a petition for writ of *certiorari* with the Supreme Court of the United States which was denied on October 23, 2008.

On October 13, 2009, the petitioner filed the pending Application for Habeas Corpus Pursuant to 28 U.S.C. § 2241 [Civ. Doc. 1], which was converted to a § 2255 petition on March 24, 2010. The petition asserts that the following testimony of Sergeant Scott Dillon, which was used by the Government to obtain the Indictment, is false:

> (1) the petitioner was the payee on a certain cashier's check;
> (2) statements in reports to the West Virginia State Treasurer ("State Treasurer") concerning stolen property and cash;
> (3) the petitioner reported no stolen property to be submitted to the State Treasurer's office on six different forms;
> (4) no other physical evidence was seized during the time period in question;
> (5) the process and procedures for documenting and accessing the evidence in safety deposit boxes and the entries made on safety deposit boxes; and
> (6) the obligation of the West Virginia State Police to collect and report property taxes.

In addition, the petitioner asserts that the language in paragraph 18 of the Indictment is false.

Finally, the petitioner asserts ineffective assistance of counsel at trial and on appeal for the following reasons:

> (1) counsel failed to request medical records after the petitioner's request;

3

(2) counsel failed to obtain a copy of a *capias*, which showed a defendant was fleeing, precluding the reporting of unclaimed property;

(3) counsel failed to interview any witnesses;

(4) counsel failed to send the petitioner the requested documents for the petitioner to file the pending § 2255 petition;

(5) counsel failed to challenge Sergeant Dillon's testimony; and

(6) on appeal, counsel made erroneous statements of law and fact and failed to honor the petitioner's request to allow for assistance by a second attorney.

On April 26, 2010, the Government filed its Response [Cr. Doc. 171], answering the petitioner's claims as follows. In response to the petitioner's challenge of Sergeant Dillon's testimony, the Government contends that the jury's finding of guilt precludes a finding of an insufficient indictment in post-conviction challenges. Additionally, the Government contends that the petitioner is precluded from raising these arguments because he argued the insufficiency of evidence on direct appeal.

Moreover, in response to the petitioner's paragraph 18 argument, the Government contends that paragraph 18 is not part of the mail fraud allegations in the Indictment but is simply introductory information.

Finally, with regard to the petitioner's ineffective assistance of counsel claims, the Government contends that the petitioner has failed to identify any instance where counsel's performance was deficient or where such performance prejudiced his defense. Specifically, the Government asserts that the letters the petitioner wrote to counsel regarding alleged errors were written post-trial, and the petitioner failed to show the outcome would have been different but for counsel's ineffectiveness.

On May 11, 2010, the petitioner filed a Reply [Cr. Doc. 175], reiterating the claims

in his petition.

On August 23, 2010, Magistrate Judge Seibert filed his R&R [Cr. Doc. 180], recommending that this Court deny the petition. On September 15, 2010, the petitioner filed Objections [Cr. Doc. 183] to the R&R.

III.   Discussion

In his Objections, the petitioner takes issue with the analysis of the magistrate judge. The Court will address these objections as they relate to each of the petitioner's arguments for relief discussed above.

### A.   Testimony of Sergeant Dillon

In his petition, the petitioner claims that the testimony of Sergeant Dillon, used by the Government to secure the Indictment, was false. In his Reply, the petitioner states "[t]he overall point of this writ is that the government abused their discretion by knowing and letting Dillon testify falsely before the Grand jury and in doing so also violated due process and questioned the integrity of the Federal Court." ([Cr. Doc. 175] at 4). In the R&R, the magistrate judge rejected the petitioner's argument, finding, *inter alia*, that even accepting the argument as true, the guilty verdict renders any potential defect harmless. The petitioner objects.

According to the Supreme Court of the United States, any error in an indictment is rendered harmless upon a guilty verdict by a petit jury. **United States v. Mechanik**, 475 U.S. 66, 72-73 (1986). Specifically, the "verdict of guilty beyond a reasonable doubt demonstrates *a fortiori* that there was probable cause to charge the defendants with the

offenses for which they were convicted." *Id.* at 67.

Upon careful consideration of the above, the Court finds that even assuming the petitioner's argument is not procedurally barred[1] and his allegations are true, any potential defect in Sergeant Dillon's testimony was rendered harmless by the jury's guilty verdict pursuant to the rule articulated in ***Mechanik***. Accordingly, the Court hereby **OVERRULES** the petitioner's objection.

### B.  Paragraph 18 of the Indictment

In his petition, the petitioner argues that paragraph 18 of the Indictment is false because, as detachment commander, he is required to report only *unclaimed* seized property to the State Treasurer. Paragraph 18 states that he was required to report "an accounting of *all* properties seized . . .." ([Cr. Doc. 1] at ¶ 18) (emphasis added). In the R&R, the magistrate also rejected this argument on the basis that the jury's guilty verdict rendered any error in the Indictment harmless pursuant to ***Mechanik***. The petitioner objects.

Upon careful consideration of the above, the Court finds that even assuming the petitioner's argument is not procedurally barred[2] and paragraph 18 is inaccurate, any potential defect in the Indictment was rendered harmless by the jury's guilty verdict

---

[1] Alternatively, the Court holds that the plaintiff's argument regarding Sergeant Dillon's testimony is procedurally barred insofar as the argument could have been raised on direct appeal, and the petitioner has failed to show "cause" that excuses his procedural default or "actual prejudice" resulting from the alleged error. ***United States v. Maybeck***, 23 F.3d 888, 891 (4th Cir. 1994).

[2] Again, the Court alternatively holds that the plaintiff's argument regarding paragraph 18 of the Indictment is procedurally barred pursuant to ***Maybeck***.

pursuant to the rule articulated in *Mechanik*. In addition, the Court notes that the alleged error is found in the introductory language of the Indictment, not in Count I which tracks the language of 18 U.S.C. § 1341. *See* **Hamling v. United States**, 418 U.S. 87, 117 (1974) (finding that an indictment which tracks the statutory language is sufficient). Accordingly, the Court hereby **OVERRULES** the petitioner's objection.

### C. Ineffective Assistance of Counsel Claims

In his petition, the petitioner argues that the following constituted ineffective assistance of counsel:

(1) counsel failed to request medical records after the petitioner's request;

(2) counsel failed to obtain a copy of a *capias*, which showed a defendant was fleeing, precluding the reporting of unclaimed property;

(3) counsel failed to interview any witnesses;

(4) counsel failed to send the petitioner the requested documents for the petitioner to file the pending § 2255 petition;

(5) counsel failed to challenge Sergeant Dillon's testimony; and

(6) on appeal, counsel made erroneous statements of law and fact and failed to honor the petitioner's request to all for assistance by a second attorney.

In the R&R, the magistrate judge rejected each of these claims. The petitioner objects. The Court will now consider each claim to determine whether the petitioner has demonstrated that: (1) counsel's conduct fell below an objective standard of reasonableness and (2) the petitioner was prejudiced by counsel's deficient performance. **Strickland v. Washington**, 466 U.S. 668, 687 (1964). A showing of prejudice requires a reasonable probability that, but for counsel's errors, the result of the proceeding would have been different. **Hill v. Lockhart**, 474 U.S. 52 (1985).

7

### 1. Failure to Request Medical Records

The petitioner argues that his trial counsel was ineffective for failing to request medical records regarding the treatment of two witnesses. The magistrate judge rejected this argument, finding that the petitioner failed to show prejudice. This Court agrees.

In his petition, the petitioner concedes that his sister retrieved the medical records at his request. As such, even though counsel failed to request the documents, the petitioner still received the documents. The petitioner cannot show that but for counsel's conduct, the result would have been different because the documents were available at trial. Therefore, the Court finds that the petitioner has failed to satisfy the prejudice prong of *Strickland*. Accordingly, the Court hereby **OVERRULES** the petitioner's objection.

### 2. Failure to Obtain Copy of *Capias*

The petitioner argues that his trial counsel was ineffective for failing to obtain a copy of a *capias* that would indicate that it was not necessary to report the money stolen from the investigation. The magistrate judge rejected this argument, finding that the petitioner failed to show prejudice. This Court agrees.

In his petition, the petitioner concedes that he obtained a copy of the *capias* by retrieving a copy himself. As such, even though counsel failed to obtain a copy of the *capias*, the petitioner still received the document. Again, the petitioner cannot show that but for counsel's conduct, the result would have been different. Therefore, the Court finds that the petitioner has failed to satisfy the prejudice prong of *Strickland*. Accordingly, the Court hereby **OVERRULES** the petitioner's objection.

### 3. Failure to Interview Witnesses

The petitioner argues that his trial counsel was ineffective for failing to interview any witnesses in the case. Specifically, the petitioner alleges that counsel attempted to interview Cindy Jenkins, who refused the interview; failed to interview Leroy Furley despite his presence at the trial; and failed to question Richard Fisher about four of the cases the Government presented to the Court. The magistrate judge rejected this argument, finding that the petitioner failed to show prejudice. This Court agrees.

Upon a careful consideration of the record, the Court finds that the petitioner has failed to indicate with reasonable probability that the result of the trial would have been different had counsel secured the testimony of Jenkins, Furley, or Fisher. In fact, both Furley and Fisher testified at trial and were cross-examined by the petitioner's counsel during the Government's case-in-chief. Counsel also called Furley on direct examination during the petitioner's case-in-chief. Finally, the petitioner concedes that his counsel attempted to interview Jenkins, and she refused. Therefore, the Court finds that the petitioner has failed to satisfy the two-part test in *Strickland*. Accordingly, the Court hereby **OVERRULES** the petitioner's objection.

### 4. Failure to Send Petitioner Documents for § 2255

The petitioner argues that his trial counsel was ineffective for failing to send him documents he requested to filed the current § 2255 petition. The magistrate judge rejected this argument, finding that the petitioner's argument is not a proper ineffective assistance of counsel claim. This Court agrees.

It is well-established that the a criminal defendant is entitled to effective assistance

*during trial*. **Powell v. State of Alabama**, 287 U.S. 45, 65 (1932). Here, however, the petitioner claims ineffectiveness based upon his trial counsel's failure to deliver documents to him "for the purpose of filing this writ." ([Civ. Doc. 1] at 24). In fact, the petitioner filed this "writ" on October 13, 2009, over a year after the end of his trial counsel's representation, which ended on June 24, 2008, when he received payment for his services. Accordingly, the Court hereby **OVERRULES** the petitioner's objection.

### 5. Failure to Challenge Sergeant Dillon's Testimony

The petitioner argues that his trial counsel was ineffective for failing to assert that the Grand Jury testimony of Sergeant Dillon was false. The magistrate judge rejected this argument, finding, *inter alia*, that the petitioner failed to show prejudice. This Court agrees.

As explained above, the jury's guilty verdict rendered any falsity in Sergeant Dillon's testimony harmless. As such, the petitioner cannot show that but for counsel's conduct, the result would have been different because the guilty jury verdict demonstrates, *a fortiori*, that there was probable cause to charge the petitioner with the offense for which he was convicted. *See* **Mechanik**, 475 U.S. at 67. Therefore, the Court finds that the petitioner has failed to satisfy the prejudice prong of **Strickland**. Accordingly, the Court hereby **OVERRULES** the petitioner's objection.

### 6. Misstatements in Appellate Brief and Failure to Allow Aid of Second Appellate Attorney

The petitioner argues that his appellate counsel was ineffective for misstating facts in his brief, for failing to argue that false information was used to obtain the Indictment, and for failing to accept the assistance of a second attorney at the oral argument stage. The

magistrate judge rejected this argument, finding that the petitioner had failed to rebut the presumption of effective assistance of appellate counsel. This Court agrees.

The standard for ineffective assistance of appellate counsel is generally the same as for trial counsel. **Bell v. Jarvis**, 236 F.3d 149, 164 (4th Cir. 2000). On review, however, appellate counsel is accorded the "presumption that he decided which issues were most likely to afford relief on appeal." **Pruett v. Thompson**, 996 F.2d 1560, 1568 (4th Cir. 1993). Moreover, "[c]ounsel is not obligated to assert all nonfrivolous issues on appeal." **Bell**, 236 F.3d at 164. Instead, "[t]here can hardly be any question about the importance of having the appellate advocate examine the record with a view to selecting the most promising issues for review." **Jones v. Barnes**, 463 U.S. 745, 752 (1983); see also **Smith v. South Carolina**, 882 F.2d 895, 899 (4th Cir. 1989). In fact, "winnowing out weaker arguments on appeal and focusing on those more likely to prevail, far from being evidence of incompetence, is the landmark of effective advocacy." **Bell**, 236 F.3d at 164 (quoting **Smith v. Murray**, 477 U.S. 527, 536 (1986)) (quotations omitted). Although it is "still possible to bring a **Strickland** claim based on counsel's failure to raise a particular claim" on direct appeal, demonstrating that counsel was incompetent for failing to do so will be difficult. **Smith v. Robbins**, 528 U.S. 259, 288 (2000). "Generally, only when ignored issues are clearly stronger than those presented, will the presumption of effective assistance of counsel be overcome." **Gray v. Greer**, 800 F.2d 644, 646 (7th Cir. 1986).

First, the petitioner's argument that appellate counsel was ineffective for misstating the facts is unavailing because he fails to identify the misstatements and how they were unreasonable and prejudicial. Second, the petitioner's argument that appellate counsel

was ineffective for failing to argue that false information was used to obtain the Indictment is also without merit. The sufficiency of the Indictment was not raised at the trial level, and thus, was not properly preserved for appeal. Finally, the petitioner's argument that appellate counsel was ineffective for failing to accept assistance of a second attorney must fail. The petitioner cites no authority support the contention that appellate counsel has a duty to accept the assistance of a second attorney. Further, the petitioner failed to demonstrate how appellate counsel's failure to accept assistance was unreasonable or prejudicial. Accordingly, the Court hereby **OVERRULES** the petitioner's objection.

IV.     Conclusion

Upon careful review of the R&R, it is the opinion of this Court that the magistrate judge's Report and Recommendation **[Cr. Doc. 180]** should be, and is, hereby **ORDERED ADOPTED** for the reasons more fully stated in that report. Further, the plaintiff's Objections **[Cr. Doc. 183]** are **OVERRULED**. Accordingly, the petitioner's Application for Habeas Corpus Pursuant to 28 U.S.C. § 2241 (subsequently converted to a § 2255 petition) **[Civ. Doc. 1]** is hereby **DENIED** for the same reasons as stated above. As such, the same is hereby **DISMISSED WITH PREJUDICE** and **ORDERED STRICKEN** from the active docket of this Court.

It is so **ORDERED**.

The Clerk is directed to transmit copies of this Order to all counsel of record and to mail a copy to the *pro se* plaintiff.

**DATED**: October 4, 2010.

/s/ John Preston Bailey
JOHN PRESTON BAILEY
UNITED STATES DISTRICT JUDGE